UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DERRICK LAMAR MCKNIGHT,<br>Petitioner,<br>v.<br>WARDEN BAKER, *et al.*,<br>Respondents. | Case No. 3:17-cv-00681-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Petitioner has paid the filing fee. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will dismiss some grounds. The Court will serve the petition upon respondents for a response to the remaining grounds.

**II.   BACKGROUND**

Petitioner and a co-defendant were tried in state district court. The jury found petitioner guilty of burglary, conspiracy to commit robbery, robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon. Under NRS § 175.552(1)(a), the jury set the penalty for first-degree murder at life imprisonment without eligibility for parole.[1] The state district court judge set the remaining penalties. (ECF No. 1-1 at 28.) Petitioner's direct appeal and state post-conviction habeas corpus petition were unsuccessful.

---

[1] The jury sentenced the co-defendant, Burnside, to death. (ECF No. 1-1 at 67 n.1.) The prosecution did not seek the death penalty for petitioner.

## III.    DISCUSSION

For grounds 1 through 11, petitioner has copied his opening brief on direct appeal.

Ground 4 is a claim that the trial court erred when it denied petitioner's motion to impanel a separate jury and alternative motion to sever his trial from the co-defendant's trial. A joint trial with petitioner, for whom the prosecution was not seeking the death penalty, and the co-defendant, for whom the prosecution was seeking the death penalty, does not violate the Sixth Amendment's right to trial by an impartial jury. *See Buchanan v. Kentucky*, 483 U.S. 402 (1987).[2] Ground 4 is without merit on its face.

Ground 7 contains three claims that the trial court gave erroneous instructions. Two claims are without merit.

Ground 7(1) is a claim that the trial court instructed the jury that robbery was a general intent crime, and he argues that robbery should be considered a specific intent crime.[3] This is purely a matter of state law that does not implicate either the Constitution or the laws of the United States. *See* 28 U.S.C. § 2254(a). Ground 7(1) is without merit on its face.

Ground 7(3) is a claim that the jury instruction defining reasonable doubt is unconstitutional. The Court of Appeals for the Ninth Circuit has held that it is constitutional. *Ramirez v. Hatcher*, 136 F.3d 1209 (9th Cir. 1998). Ground 7(3) is without merit on its face.

Ground 8 contains three claims that the trial court gave erroneous instructions. One claim is without merit.

///
///
///

---

[2] In the direct-appeal brief, which petitioner has copied for his petition, appellate counsel acknowledged *Buchanan* but tried to convince the Nevada Supreme Court to rule otherwise.

[3] In the direct-appeal brief, appellate counsel acknowledged that under state law robbery is a general intent crime but nonetheless argued that the Nevada Supreme Court should rule that robbery is a specific intent crime.

2

Ground 8(B) claims that the instruction defining premeditation and deliberation blurred the distinction between the two elements of first-degree murder. Petitioner alleges that this instruction was given:

> Premeditation is a design, a determination to kill distinctly formed in the mind by the time of the killing.
>
> Premeditation need not be for a day, an hour, or even a minute. It may be as instantaneous as successive thoughts of the mind. For if the jury believes from the evidence that the act constitution [sic] the killing has been preceded by and has been the result of premeditation, no matter how rapidly the act follows the premeditation, it is premediated.

(ECF No. 1-1 at 58.) In *Byford v. State*, 994 P.2d 700 (Nev. 2000), the Nevada Supreme Court noted that earlier jury instructions defining premeditation, deliberation, and willfulness blurred the distinctions between these three elements of first-degree murder. The Nevada Supreme Court then set forth the correct instructions to give to juries. The premeditation instruction that the jury received in petitioner's case is the instruction that the Nevada Supreme Court set forth in *Byford*. *Id.* at 714. Ground 8(B) is without merit on its face.

In ground 10, petitioner alleges that during the penalty phase of the trial the state district court allowed the jury to hear evidence that petitioner had committed another murder, but that murder case was pending at the time. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

*Blakely v. Washington*, 542 U.S. 296, 303-304 (2004) (citations omitted) (emphasis in original). The sentence that the jury imposed, life imprisonment without eligibility for

///

3

1    parole, is within the statutory limits for first-degree murder.  *See* NRS § 200.030(4)(b).
2    There was no violation of *Apprendi*.  Ground 10 is without merit on its face.

3    Ground 12 concerns petitioner's state post-conviction habeas corpus petition.  He filed a petition in the state district court, but he did not allege any grounds.  Instead, he asked the state district court to appoint counsel to develop claims of ineffective assistance of trial counsel.  The state district court did not appoint counsel, and the state district court denied the petition because petitioner did not allege any grounds. On appeal, the Nevada Supreme Court affirmed. (ECF No. 1-1 at 83-84.)  Now, petitioner alleges that his claims of ineffective assistance of trial counsel are procedurally defaulted, in contravention of *Martinez v. Ryan*, 566 U.S. 1 (2012), which held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller-El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 14 (emphasis added).

Ground 12 has two problems.  First, petitioner has not alleged in the current federal petition any claims of ineffective assistance of trial counsel.  Non-existent claims of ineffective assistance of trial counsel are not procedurally defaulted, and they are not substantial.  They simply do not exist.  Petitioner cannot use *Martinez* to overcome a procedural default of his claims of ineffective assistance of trial counsel because he has no claims of ineffective assistance of trial counsel.

Second, to the extent that petitioner is claiming that the state courts denied him his right to appointed counsel in the state post-conviction proceedings, he is wrong.  *Martinez* did not create a constitutional right to appointed counsel in state post-conviction proceedings, and the rule remains that petitioner has no such right.  *Coleman v.*

4

*Thompson*, 501 U.S. 722, 752 (1991). Without that right, petitioner at best has alleged an error in the state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). Ground 12 is without merit on its face.

Petitioner also has filed a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the Court finds that appointment of counsel is not warranted.

**IV.     CONCLUSION**

It is therefore ordered that the Clerk of the Court file the petition for a writ of habeas corpus.

It is further ordered that the Clerk of the Court file the motion for appointment of counsel.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that grounds 4, 7(1), 7(3), 8(B), 10, and 12 of the petition are dismissed.

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk electronically serve upon respondents a copy of the petition and this order. In addition, the Clerk must return to petitioner a copy of the petition.

5

It is further ordered that respondents have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner has forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then petitioner will have fourteen (14) days to file a response to the motion, and respondents will have seven (7) days from the date of filing of the response to file a reply.

It is further ordered that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 21st day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE